NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  16a0097n.06

CASE NO. 14-2423

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 12, 2016
DEBORAH S. HUNT, Clerk

KAREN SLATER,                                )
                                             )
    *Plaintiff-Appellant*,                   )
                                             )
                                             )   **ON APPEAL FROM THE**
    v.                                       )   **UNITED STATES DISTRICT**
                                             )   **COURT FOR THE WESTERN**
CONSUMERS ENERGY COMPANY, *et al.*,          )   **DISTRICT OF MICHIGAN**
                                             )
    *Defendants-Appellees*.                  )
                                             )

Before:  BATCHELDER, ROGERS, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Karen Slater is a former employee of Consumers Energy Company who developed a disability following a severe leg injury and associated surgery, which limited her ability to stand or sit for prolonged periods of time.  After Consumers fired her in 2012, Slater sued Consumers and two of her former supervisors in federal court, claiming, among other things, disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.* (MPDCRA).

The district court granted summary judgment to the defendants, finding that Slater could not prove that she was qualified for the position even with reasonable accommodation for her disability, nor could she prove that Consumers' legitimate non-discriminatory reason for firing her was pretextual.  *Slater v. Consumers Energy*, No. 1:13-cv-467, 2014 WL 5019899, at \*8 (W.D. Mich., Oct. 7, 2014).  Slater appealed, arguing that, with the facts construed in her favor, she had produced sufficient evidence to create a jury question over both of these issues.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in granting summary judgment to the defendants. As the district court correctly set out the applicable law and correctly applied that law to the undisputed material facts contained in the record, issuance of a full written opinion by this court would serve no jurisprudential purpose.[1]

Accordingly, on the grounds stated in the district court's well-reasoned opinion, we AFFIRM.

---

[1] Because the legal conclusions in parts III.A.2 and III.A.3 of the district court's opinion are not necessary to our judgment, we express no opinion with respect to those parts.